United States District Court
Southern District of Texas
**ENTERED**
May 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT  JANOSEK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-111 |
| | § | |
| CLARISSA  GONZALEZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge for case management and for making recommendations as to all dispositive motions pursuant to 28 U.S.C. § 636. (D.E. 14).  Pending is Respondent's Motion to Remand and supporting Memorandum as well as Petitioner's Response and Memorandum of Law Clarifying Established Federal Jurisdiction.  (D.E. 13, D.E. 17, D.E. 18 and D.E. 22).[1]  In addition to seeking remand, Respondent also requests costs and expenses, including attorney fees, incurred as a result of the removal.  For the reasons stated below, the

---

[1]On April 27, 2017, Petitioner filed a Notice of Judicial Disqualification asserting the Honorable Nelva Gonzales Ramos is required to recuse herself in this matter because she was formerly a state district court judge in the 347th Judicial District.  (D.E. 19).  Plaintiff states Judge Ramos is "clearly disqualified from this constitutional challenge case against the very same routinely unlawful practices and patterns of the very same Texas state district courts."  (D.E. 19, Page 1).  The undersigned recommends Plaintiff's argument is without merit as Plaintiff has failed to demonstrate how Judge Ramos' "impartiality might reasonably be questioned" such that "a well-informed thoughtful and objective observer would question" her impartiality or that Judge Ramos has a bias stemming from a personal or extrajudicial source.  28 U.S.C. § 455; *Sieber  Calicutt v. Sphere Drake Ins. Co.*, 227 F. Supp. 2d 623, 625-26 (E.D. Tex. 2002)(citations omitted).  The only claim is that she was formerly a state court judge in a different state judicial district court than the one handling the parties' family court case.  The undersigned recommends this does not mandate recusal under section 455(a).  Further, Petitioner has filed several other motions which the undersigned recommends be **DENIED** as moot if this Memorandum and Recommendation is adopted.  (D.E. 8, D.E. 21 and D.E. 24).

undersigned respectfully recommends Petitioner has not established proper removal jurisdiction and therefore recommends Respondent's Motion for Remand be **GRANTED** and this case be **REMANDED**.  It is further recommended Respondent's request for costs and expenses be **GRANTED**.

## I.    BACKGROUND

This case arises from a divorce and custody action in Texas state court, specifically the 214th District Court in Nueces County, Texas.  A divorce decree was entered on November 14, 2012.  (D.E. 1, Page 26).  There have been several post-decree proceedings involving modifications and enforcement related to child custody and support and other related matters.  (D.E. 1, Pages 25-33).  On February 15, 2017, Respondent Clarissa Gonzalez filed a Motion to Modify Parent-Child Relationship and Motion to Transfer Suit to Modify the Parent-Child-Relationship.  (D.E. 1, Page 28). Respondent asserts she is seeking to remove a geographic restriction and to increase Petitioner Robert Janosek's child support obligation.  (D.E. 18, Page 1).  The case was then removed by Petitioner, proceeding *pro se*, to this federal court on March 23, 2017. (D.E. 1).

## II.    LAW AND ANALYSIS

Petitioner is appearing *pro se* and his pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).   However, Petitioner provides no basis for subject matter jurisdiction in this Court.  Petitioner contends that removal of the action from state court is proper because this Court has jurisdiction over questions arising under federal law, including the

United States Constitution, pursuant to 28 U.S.C. § 1331.   Petitioner further asserts jurisdiction is proper under 28 U.S.C. § 1443, the civil rights removal statute.

There is a fundamental principle that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)(citations omitted).  Pursuant to 28 U.S.C. § 1441, any state court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court.  Further, the question of removal jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citation omitted).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*  When a case has been removed to federal court, remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Removal jurisdiction is appropriate if federal question jurisdiction exists over the state law claims.  28 U.S.C. § 1331.  "[A]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable."  *See* 28 U.S.C. § 1441(b); § 1331.  As argued by Respondent, the pending state court family action raises only state law claims. However, a court can determine that a state-law claim "arises under" federal law if the

state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008); *see also Bd. of Commissioners of State Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017)("Only in a 'special and small category' of cases will federal jurisdiction exist when state law creates the cause of action.")(citation omitted).

Petitioner fails to demonstrate any of the above grounds. In short, there is no federal question jurisdiction as the underlying action was brought by Respondent for modification of custody and child support. Further, under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues in diversity actions. *Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987). Federal courts should not determine "which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified…" *Id*; *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992)(family law matters

are traditionally litigated in state court systems and federal courts generally abstain from hearing such matters).

Additionally, to properly remove a state court action under 28 U.S.C. § 1443, the other statute relied upon by Petitioner as a basis for removal, the removing party must show "(1) that the right allegedly denied him arises under federal law providing for a specific right to racial equality; and (2) that he is being denied or cannot enforce the specified right in the state court due to some formal expression of law." *Muhammad v. Muhammad*, 78 F. App'x 942, 943 (5th Cir. 2003)(citations omitted). "Because the first prong of this test demands that the civil rights asserted arise under laws phrased specifically in terms of racial equality rather than in general terms of equality of citizens comprehensively, broad first amendment or fourteenth amendment claims do not satisfy this test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). "[C]onclusory allegations that state court officials conspired to deprive him of certain non-race-related civil rights," will not suffice for removal under Section 1443. *Muhammad*, 78 F. App'x at 943. The undersigned recommends Petitioner has failed to satisfy either prong.

Importantly, it does not appear Petitioner is raising any issues as to racial equality. Instead, Petitioner makes conclusory allegations that state court officials have conspired to deprive him of certain non-race-related civil rights, including due process of law, which are not adequate grounds for removal. *Id*. Further, Petitioner fails to show that a Texas law or policy prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims, in the state court proceeding.

Additionally, Petitioner presents no evidence that the state court proceeding, which is subject to appellate review by other Texas courts, will inevitably result in a violation of his rights under the Constitution.   Therefore, the undersigned respectfully recommends there is no basis which this Court may exercise jurisdiction over the removed case.   As difficult as this matter may be for Petitioner, it stems from a conventional state divorce and custody dispute for which there exists no basis for removal to federal court.

Lastly, Respondent requests fees and costs as a result of the removal.   The undersigned recommends this request be granted.   *See* 28 U.S.C. § 1447(c).   Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   The standard for awarding attorney fees and costs under § 1447(c) is determined on the "reasonableness of the removal" and after a motion to remand is granted, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.   Conversely, when an objectively reasonable basis exists, fees should be denied."   *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 136-141 (2005).   "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are clearly satisfied."   *Id*. at 141.   Even though Petitioner is proceeding *pro se* in this matter, the undersigned recommends Petitioner lacked an objectively reasonable basis for seeking removal given the facts in this case.   Based on

the pleadings and the history of the underlying state action, the undersigned recommends the removal was filed for delay and to prolong his divorce and custody litigation with Respondent.  Accordingly, the undersigned recommends Respondent's request to recover her attorney's fees and costs be **GRANTED**.  Alternately, the undersigned recommends Petitioner be warned that any future frivolous pleadings filed by him in this Court may result in the imposition of sanctions.

## III.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Respondent's Motion for Remand be **GRANTED** and this case be **REMANDED**.  It is further recommended Respondent's request for costs and expenses be **GRANTED** and that all other pending Motions be **DENIED as moot**.

Respectfully submitted this 19th day of May, 2017.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).