UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT JANOSEK, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-111 |
| | § | |
| CLARISSA GONZALEZ, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Clarissa Gonzalez's motion to remand (D.E. 17) and her memorandum in support thereof (D.E 18). Also pending is Robert Janosek's notice of judicial disqualification (D.E. 19), which seeks this judge's disqualification or recusal. On May 19, 2017, Magistrate Judge Jason B. Libby entered his memorandum and recommendation (D.E. 27, M&R), recommending that the Court grant Gonzalez's motion to remand and deny Janosek's motion to disqualify.[1] The Magistrate Judge also recommends imposing sanctions on Janosek in the form of costs and attorney's fees. On June 5, 2017, Janosek filed his objections to the M&R (D.E. 29).

### Standard of Review

A magistrate judge's authority in civil cases is outlined in 28 U.S.C. § 636, which "seeks to enforce the constitutional limits on non-Article III judges." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 762-63 (5th Cir. 2016). The statute distinguishes between types of pretrial matters. *Id.* at 763. Motions that are thought to be dispositive

---

[1] Janosek also filed a motion for issuance of preliminary relief (D.E. 8) and two joint motions to consolidate constitutional challenges (D.E 21 and 24). The Magistrate Judge recommends that these motions be denied because the order remanding this case renders them moot. The Court agrees.

1 / 7

require "particularized objection procedures and a higher standard of review because of the possible constitutional objections that only an article III judge may ultimately determine the litigation." *Id.* (quoting 12 Charles Alan Wright et al., Federal Practice and Procedure § 3068.2 (3d ed. 2014)). The statute contains a list of dispositive pretrial matters that magistrate judges may hear, but their authority is limited to issuing recommendations, as opposed to orders, and such recommendations are subject to a de novo determination of the parts specifically objected to. 28 U.S.C. § 636(b)(1). On the other hand, magistrate judges may decide nondispositive matters, and such decisions are subject to the more deferential "clearly erroneous or contrary to law" review. 28 U.S.C. § 636(b)(1)(A).

Motions to remand are not listed in the statute but are considered dispositive matters necessitating de novo review. *Davidson*, 819 F.3d at 762-63. Accordingly, the Court will make a de novo determination of the issues raised by Janosek's objections regarding the motion to remand.

There is no authority governing the standard of review to apply to a recusal motion on which a Magistrate Judge has issued a recommendation. The motion to disqualify is not a dispositive matter because if the motion is granted, the case continues before a different judge. And if the motion is denied, the case continues before the same judge. However, "the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *United States v. Ciavarella*, 716 F.3d 705, 720 (3d Cir. 2013). Out of an abundance of caution, the Court will review the Magistrate Judge's recommendation on the recusal issue de novo.

## Analysis[2]

Janosek first objects to the referral of the case to the Magistrate Judge. He argues that the District Court Judge is disqualified from hearing the case and therefore all actions taken by the Court, including the Order referring the case to the Magistrate Judge, are void. He contends that Texas courts have deprived him of his rights and this Judge's former service as a state court judge creates an inherent bias. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Janosek has failed to articulate how serving as a judge in a different court necessitates disqualification. "It is a judge's duty to refuse to sit when he is disqualified but it is equally his duty to sit when there is no valid reason for recusation." *United States v. Edwards*, 334 F.2d 360, 362 (5th Cir. 1964). After a de novo review of the Magistrate Judge's analysis regarding the motion to recuse, the Court DENIES the motion. Consequently, Janosek's objection to the referral of the case to the Magistrate Judge is OVERRULED.

Janosek's second objection is to the Magistrate Judge's authority to consider the motion to remand. He contends that motions to remand may not be considered by magistrate judges. His contention is without merit. It is well established that magistrate judges may hear motions to remand and issue recommendations for their disposition

---

[2] Because Janosek is proceeding pro se, the Court construes his arguments liberally. *United States v. Gonzalez*, 592 F.3d 675, 680 n. 3 (5th Cir. 2009).

under 28 U.S.C. § 636(b)(1)(B). *Davidson*, 819 F.3d at 762-63.[3] Janosek's second objection is OVERRULED.

Janosek's next objection is that the motion to remand should not have been considered because of certain procedural irregularities—failure to be served with the motion and failure to confer on the motion. The Court finds that these arguments have been waived by Janosek's failure to raise these issues with the Magistrate Judge. *See Ransom v. Nat'l City Mortg. Co.*, No. 13-CV4642, 2014 WL 717198, at *1 (N.D. Tex. Feb. 25, 2014) ("Generally arguments that could have been raised before the magistrate judge are waived if they are raised for the first time in objections before the district court.").

Janosek next asserts multiple objections directed at the Magistrate Judge's conclusion that the Court lacks removal jurisdiction under 28 U.S.C. § 1443. Section 1443, often called the Civil Rights Removal Act, allows a defendant to remove a state court action if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Janosek argues that he cannot vindicate his civil rights in state court and thus needs this Court to intervene. But Janosek's reliance on § 1443 is misplaced.

The Supreme Court has interpreted Section 1443 narrowly. *See Georgia v. Rachel*, 384 U.S. 780, 791-92 (1966). Despite the broad language referring to "any law

---

[3] *See also* Fed. R. Civ. P. 72(b)(1) (allowing magistrate judges to issue recommendations for dispositive motions); Local Rule 72 ("The magistrate judges of this District are authorized to perform all of the duties allowed by law, including the provisions of 28 U.S.C. § 636 . . . .").

providing for the equal civil rights," the Supreme Court has held that the removal under this statute must be based on a specific federal statute that relates to racial equality. *Id.* at 791. "The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality." *Id.* The Court stated:

> On the basis of the historical material that is available, we conclude that the phrase 'any law providing for * * * equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under [§] 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that [§] 1443 demands. As the Court of Appeals for the Second Circuit has concluded, [§] 1443 'applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights * * *.' 'When the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. [§] 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.'

*Id.* at 792.

As correctly noted by the Magistrate Judge, Janosek does not claim that he is seeking to vindicate any rights related to racial equality that are protected by a specific federal statute. Janosek does not identify any civil rights that would bring this action within § 1443's narrow scope. Janosek's objections related to § 1443 are OVERRULED.

Janosek also asserts multiple objections arguing that federal question jurisdiction exists in this case. Janosek cites two Supreme Court cases that held that parents have a

fundamental right to the custody of their children. *See Troxel v. Granville*, 530 U.S. 57, 68-69 (2000); *Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). These cases were not removed to a federal district court. Instead, they made their way to the Supreme Court on certiorari from the states' high courts. The Magistrate Judge correctly noted that under the domestic relations exception, federal district courts may not hear cases involving child custody or child support. *See, e.g., Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992).

Janosek also contends that he is entitled to removal and federal jurisdiction based on unspecified "federal torts against his due process rights." D.E. 29, p. 9. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As discussed above, Gonzalez commenced this case as a dispute over child custody and child support, which are clearly state law claims. Janosek's attempts to assert federal claims do not make this case removable. Janosek's objections concerning federal question jurisdiction are OVERRULED.

Last, Janosek objects to the Magistrate Judge's recommendation regarding sanctions. The Magistrate Judge, having concluded that Janosek had no objectively reasonable basis for seeking removal and that its purpose was to delay the state court proceedings, recommends assessing attorney's fees and costs against Janosek. *See* 28 U.S.C. § 1447(c). Janosek argues that the sanctions are inappropriate because removal is

proper. As discussed above, removal is not appropriate, and the Court agrees with the Magistrate Judge that this removal had no objectively reasonable basis. The objection is OVERRULED.

### Conclusion

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Janosek's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court OVERRULES Janosek's objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge. Accordingly, Gonzalez's motion to remand (D.E. 17) is GRANTED. The Court REMANDS this action to the 214th Judicial District Court of Nueces County, Texas, the court from which it was removed. This ORDER is dispositive and the Clerk is instructed to terminate the remaining pending motions as moot.

The Court AWARDS attorney's fees and costs in favor of Gonzalez and against Janosek. Gonzalez is ORDERED to file, on or before August 21, 2017, her evidence regarding attorney's fees and costs. Janosek is ORDERED to file a response by August 28, 2017.

ORDERED this 11th day of August, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE